**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EBONY M. MCHUGH, | DOCKET NUMBER |
| Appellant, | AT-0714-20-0833-X-1 |
| | AT-0714-20-0833-C-1 |
| v. | |
| DEPARTMENT OF VETERANS | |
| AFFAIRS, | DATE: December 5, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Mt. Pleasant, South Carolina, for the appellant.

<u>Luis Ortiz Cruz</u>, Orlando, Florida, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

This matter is before the Board pursuant to a February 5, 2025 Order, which granted the appellant's compliance petition for review, vacated the compliance initial decision, and found the agency in noncompliance with the parties' settlement agreement in the underlying appeal. *McHugh v. Department of Veterans Affairs*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. AT-0714-20-0833-C-1, Order (Feb. 5, 2025); *McHugh v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0833-C-1, Compliance File, Tab 6, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement and compliance petition for review.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On March 3, 2021, the parties entered into a settlement agreement resolving the appellant's appeal of her demotion. *McHugh v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0833-I-1, Initial Appeal File (IAF), Tab 42. The appellant agreed to, among other things, cooperate with certain investigations, withdraw her Board appeal, and resign from her position with the agency effective May 31, 2021. *Id.* at 5. The agency agreed to provide the appellant with, among other things, a lump sum payment of $75,000, and stated it would make all reasonable efforts to provide the Defense Finance Accounting Service with the paperwork to process her payment no later than April 2, 2021. *Id.* at 4, 6. On March 4, 2021, the administrative judge issued an initial decision entering the settlement agreement into the record for enforcement purposes and dismissing the appeal as settled. IAF, Tab 43, Initial Decision.

On June 7, 2021, the appellant filed a petition for enforcement claiming that the agency had breached the settlement agreement. Order at 3. She alleged that the agency had repeatedly reassigned her and subjected her to harassment which had caused her to involuntarily resign from her position on April 8, 2021, and failed to pay her $75,000. *Id.* She sought relief of immediate payment and sanctions against the agency. *Id.* The agency argued in response that the appellant had breached the settlement agreement by failing to provide truthful testimony during an agency investigation. *Id.* The appellant contended that she had not breached the terms of the settlement agreement. *Id.* On July 9, 2021, the administrative judge issued a compliance initial decision finding that the appellant had breached the settlement

agreement by resigning early and therefore denied her petition for enforcement. CID at 4-5.

The appellant filed a compliance petition for review, and after a response from the agency, the Board issued an order on February 5, 2025. The Board held that the agency had breached the settlement agreement by failing to initiate the appellant's lump sum payment no later than April 2, 2021, six days before the appellant's resignation. Accordingly, the Board denied the appellant's request for sanctions, vacated the initial decision, and found the agency in noncompliance with the settlement agreement. Order at 6. The Board docketed this compliance referral matter and directed the agency to file evidence of compliance. Order at 6; *McHugh v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0833-X-1, Compliance Referral File (CRF), Tab 1.

On February 12, 2025, the agency filed a response to the Board's February 5, 2025 Order, stating that on February 11, 2025, the agency paid the appellant the lump sum amount of $75,000 via an Electronic Funds Transfer. CRF, Tab 2. On February 13, 2025, the appellant filed a "Motion for Addendum Proceeding to Address Consequential Damages," which stated that the appellant had not yet received the lump sum payment, and requested "an addendum proceeding under 5 C.F.R. § 1201.204 for costs, consequential, liquidated, and compensatory damages related to the actions of the agency." CRF, Tab 3 at 5. On February 13, 2025, the agency filed a response opposing the appellant's motion and noting that the appellant should receive the payment within 2-3 workdays for February 11, 2025. CRF, Tab 4. On May 1, 2025, the appellant filed a notification of payment, confirming that she had received the lump sum payment of $75,000. CRF, Tab 6.

## ANALYSIS

A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that

has been entered into the record in the same manner as a final Board decision or order. *Id.* In a proceeding to enforce a settlement agreement, the party alleging noncompliance with the agreement has the burden of proof. *Modrowski v. Department of Veterans Affairs*, 97 M.S.P.R. 224, ¶ 7 (2004). However, when an appellant makes specific allegations of noncompliance, as the appellant did here, it is the agency's burden to produce relevant evidence within its control showing compliance with its agreement or showing good cause for its failure to comply. *Id.*

Here, the agency has shown that it complied with the settlement agreement by paying the $75,000 lump sum to the appellant. CRF, Tab 2. The appellant has confirmed that she received the lump sum payment. CRF, Tab 6. Accordingly, the agency is now in compliance with the settlement agreement.

With respect to the appellant's request for an addendum proceeding to address damages, the Board has no authority to award damages for the breach of a settlement agreement. *Principe v. United States Postal Service*, 101 M.S.P.R. 626, ¶ 3 (2006). Accordingly, the appellant's request is denied.

To the extent the appellant requests attorney fees, the request is denied as premature, but the appellant may now file a motion for attorney fees and costs as set forth in the Attorney Fee Notice below.

In light of the foregoing, we find that agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement and petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a

court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        *Gina K. Grippando*
            _____
            Gina K. Grippando
            Clerk of the Board

Washington, D.C.